Filed 2/11/14  Melissa Z. v. Super. Ct. CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MELISSA Z.,<br><br>       Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>       Respondent;<br><br>TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>       Real Party in Interest. | F068524<br><br>(Super. Ct. Nos. JJV060010C & JJV060010D)<br><br><br>**O P I N I O N** |

### THE COURT*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Juliet L. Boccone, Judge.

Rodney Richard Rusca, for Petitioner.

No appearance for Respondent.

Kathleen Bales-Lange, County Counsel, and Carol E. Helding, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

\*      Before Levy, Acting P.J., Kane, J., and Peña, J.

Petitioner, Melissa Z., (Mother) seeks an extraordinary writ seeking relief as to two of her children, C.S. and E.S., from an order setting a Welfare and Institutions Code section 366.26[1] hearing and denying her Request to Change Court Order (§ 388). We dismiss the petition.

## FACTS

On September 14, 2010, C.S. and E.S. were detained and placed together in foster care along with Mother's two other children, D.S. and S.Z.[2]

On October 5, 2010, the court adjudged the children dependents of the court and ordered family reunification services for Mother. It also ordered two one-hour visits per week for Mother.

On October 27, 2011, following a contested hearing the court terminated reunification services for Mother and reduced Mother's visitation to one one-hour visit per month. The court also found that reasonable services had been provided to Mother by real party in interest, the Tulare County Health and Human Services Agency (the Agency) and it set a date for the permanency planning hearing (§ 366.26).

On February 10, 2012, Mother filed a Request to Change Court Order (§ 388) asking the court to return the four children to her care or alternatively to reopen reunification services.

On March 20, 2012, following a contested hearing, the court terminated Mother's parental rights with respect to D.S. and denied the section 388 request with respect to the other children.

---

[1]     All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2]     At the time E.S. was one year old, C.S. was four years old, D.S. was five years old, and S.Z. was six years old.

2

On September 26, 2012, Mother filed a second Request to Change Court Order again asking the court to return the children to her care or alternatively to reopen reunification services.

On October 3, 2012, the court struck D.S.'s name from Mother's request because parental rights had been previously terminated as to D.S. and, after a contested hearing, denied the request as to the other children.

On May 6, 2013, Mother filed a third Request to Change Court Order asking the court to reinstate family reunification services, increase visits to a minimum of two hours per week and reinstate her parental rights with respect to D.S.

On May 10, 2013, the court denied the request without a hearing. Mother did not appeal from the order.

On August 16, 2013, mother filed her fourth Request to Change Court Order asking the court for therapeutically supervised visits with S.Z., C.S. and E.S. and that the children "be taken to visits independently of each other[.]"

On August 19, 2013, at a section 366.3 hearing, the court, in pertinent part, found that visits with Mother would be detrimental to the children and ordered that Mother was to have no visits with the children. Additionally, the Request to Change Court Order was taken off calendar. Mother did not file an appeal.

On October 24, 2013, Mother filed her fifth Request to Change Court Order asking the court to order therapeutically supervised visits with her children.

On November 18, 2013, after reviewing the evidence and hearing argument from counsel, the court found that Mother had not pled a prima facie case and denied her request. The court also set a section 366.26 hearing for February 10, 2014, "with the idea that [it would] be put over to [March 3, 2014,] based on the objection of counsel."

On January 21, 2014, Mother filed the instant petition for extraordinary writ with respect to C.S. and E.S. challenging the court's order setting a permanency hearing for

3

these children and requesting an order of visitation between Mother and C.S. and E.S. Mother's petition also asks for a stay of the section 366.26 hearing.

## DISCUSSION

The petition states that the court's order was erroneous because it denied therapeutically supervised visits based on the children not wanting to see Mother even though neither C.S. or E.S. were ever asked if they wanted to see Mother. The factual basis for the petition consists of Mother attaching to the petition a letter from C.S.'s therapist which states that the foster parents reported to her that when C.S. has been asked about seeing Mother, she stated, "No." Mother gleans from this letter that the therapist never personally asked C.S. whether she wanted to see Mother and she asserts that "no report [was] ever made as to the desires of [E.S.]."

In the Memorandum of Points and Authorities attached to the petition Mother contends: It was [] error to find reasonable services were provided when no efforts have been made to re[-]establish visitation[.]" (Original all in capital letters.) In support of this assertion Mother cites the following language from section 362.1, "Visitation shall be as frequent as possible, consistent with the well-being of the child" (§ 362.1, subd. (a)(1)(A)) and "[n]o visitation order shall jeopardize the [safety of the] child" (§ 362.1, subd. (a)(1)(B)). Thus, according to Mother, the Agency "needs to show the order jeopardizes the child for respondent [court] to correctly order it reasonable for the department *to continue suspension of visitation*." (Italics added.)

Mother's petition is unclear as to any issues it purports to raise and as best we can discern it challenges only the court's denial of her section 388 petition requesting reinstatement of visitation with two of her children.

> "A juvenile court order may be changed, modified or set aside under section 388 if the petitioner establishes by a preponderance of the evidence that (1) new evidence or changed circumstances exist and (2) the proposed change would promote the best interests of the child. [Citation.] A parent

4

need only make a prima facie showing of these elements to trigger the right to a hearing on a section 388 petition and the petition should be liberally construed in favor of granting a hearing to consider the parent's request. [Citation.]

"However, if the liberally construed allegations of the petition do not make a prima facie showing of changed circumstances and that the proposed change would promote the best interests of the child, the court need not order a hearing on the petition. [Citations.] The prima facie requirement is not met unless the facts alleged, if supported by evidence given credit at the hearing, would sustain a favorable decision on the petition. [Citation.]" (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806.)

The court ruled that Mother had not pled a prima facie case and denied Mother's section 388 request without a hearing. Mother, however, does not provide any argument, authority or citation to the record that challenges the court's finding that she did not plead a prima facie case for relief.

Additionally, Mother's memorandum does not provide a factual background for the one issue she raises and the only citation to the record it contains are to statements by Mother's counsel at the November 18, 2013, hearing and to a portion of the court's oral ruling.

A writ petition must "... be accompanied by an adequate record ([Cal. Rules of Court,] rule 39.1B(n)); 'summarize the factual basis for the petition,' provide 'references to specific portions of the record, their significance to the grounds alleged, and disputed aspects of the record,' and attach points and authorities ([Cal. Rules of Court,] rule 39.1B(j)). While we fully recognize the constraints imposed by the short time frames set forth in the statute and rule for these petitions, the points and authorities must, *at a minimum*, adequately inform the court of the issues presented, point out the factual support for them in the record, and offer argument and authorities that will assist the court in resolving the contested issues." (*Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570, 583, italics added, see also Cal. Rules of Court, rule 8.452.)

5

Mother's petition is deficient because it does not adequately summarize the factual basis for the petition, provide references to specific portions of the record, except those noted above, does not adequately inform this court of the issues presented or point out factual support for these issues and it offers no argument or authority that will assist this court in resolving the only issue the petition appears to present, i.e., whether the court abused its discretion when it denied Mother's section 388 petition. (*In re Casey D.* (1999) 70 Cal.App.4th 38, 47 [decision of juvenile court will not be reversed absent a showing by parent that court abused its discretion].) Accordingly, we dismiss Mother's petition.

## DISPOSITION

The petition for extraordinary writ is dismissed and Mother's request for a stay of the section 366.26 hearing is denied. This opinion is immediately final as to this court.

6